IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYSHEED JEFFERSON,** | : CIVIL ACTION NO. 3:23-CV-439 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN OF USP-ALLENWOOD,** | : |
| Respondent | : |

## **MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Tysheed Jefferson, challenges five disciplinary sanctions imposed during his incarceration by the United States Bureau of Prisons ("BOP"). The petition will be dismissed.

**I.     Factual Background & Procedural History**

Jefferson, an inmate in Allenwood United States Penitentiary ("USP-Allenwood"), is serving a 210-month sentence of imprisonment imposed by the United States District Court for the District of New Jersey for possession of a firearm by a convicted felon and possession with intent to distribute methamphetamine. (Doc. 14-1 at 3). His current anticipated release date is May 5, 2033. (Id.)

Jefferson filed this case on March 13, 2023, challenging five disciplinary sanctions that were imposed during his incarceration, three of which resulted in the loss of good conduct time credits. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent filed a response on July 12, 2023, arguing that the petition should be dismissed for failure to exhaust

administrative remedies, that the court lacks subject matter jurisdiction as to the two disciplinary sanctions that did not result in the loss of good conduct time, and that the petition should otherwise be denied on its merits. (Doc. 14). Jefferson filed a reply brief on July 31, 2023. (Doc. 15). The case was reassigned to the undersigned on January 21, 2025, via a verbal order from Chief United States District Judge Matthew W. Brann.

**II.    Discussion**

At the outset, Jefferson's claims challenging the two disciplinary sanctions that did not result in the loss of good conduct time will be dismissed for lack of subject matter jurisdiction. Federal courts have jurisdiction over habeas petitions challenging disciplinary sanctions when the sanctions result in the loss of good conduct time. Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Conversely, when the sanction does not result in the loss of good conduct time, the court lacks subject matter jurisdiction because the claim does not challenge the fact or length of the prisoner's detention. Parks v. Jordan, 573 F. App'x 233, 233-36 (3d Cir. 2014) (nonprecedential). Thus, the petition will be dismissed for lack of subject matter jurisdiction to the extent it challenges the sanctions issued with respect to incident report numbers 3613176 and 3611107.

The remainder of the petition will be dismissed for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v.

2

Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

To appeal a disciplinary hearing sanction, a prisoner must follow the BOP's administrative remedy program. 28 C.F.R. 541.7(i). Although the administrative remedy program ordinarily requires the prisoner to attempt informal resolution and file an administrative remedy request with the prison in which he is incarcerated, when the prisoner is challenging a disciplinary sanction his first filing must be made with the BOP's regional director. 28 C.F.R. § 542(d)(2). The regional director must respond to the appeal within 30 days. Id. § 542.18. If the inmate has not obtained relief, he may file an appeal to the BOP's general counsel within 30 days of receiving the regional director's response. Id. § 542.15. The general counsel must respond within 40 days. Id. § 542.18. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). If the BOP fails to respond at any level of the process within the required time periods, "the inmate may consider the absence of a response to be a denial at that level." Id. § 542.18.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory

3

construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Jefferson failed to exhaust administrative remedies because he failed to appeal any of the relevant disciplinary sanctions through final review by the BOP's central office. (Doc. 14 at 10-14). Respondent attaches a declaration from Michael Funt, an attorney employed at USP-Lewisburg, as well as several documents related to Jefferson's administrative remedy history that corroborate the contention that he has failed to exhaust administrative remedies. (See Doc. 14-1).

The only exhaustion argument Jefferson makes in his reply brief is the conclusory statement that he appealed one of the decisions but that his filings have been "delayed" or found "time barred" every time he has tried to file an appeal. (Doc. 15 at 2). He has not produced any evidence to support the contention that he attempted to file an appeal, such as a copy of the appeal, the contents of the appeal, or the date on which he purportedly attempted to send the appeal. Similarly, his only argument as to exhaustion in his original petition is the conclusory and unsupported statement that "[t]hey kept sending my appeals back and the unit team was hindering the process by delaying giving me the next form." (Doc. 1 at 4).

The evidence produced by respondent establishes that Jefferson has not exhausted administrative remedies. Jefferson has not produced any contrary evidence to support his conclusory assertions that his attempts to exhaust administrative remedy were hindered by prison officials.

Moreover, even if it were true—as Jefferson contends—that prison officials improperly delayed the processing of his appeal, his claim would still be subject to dismissal. Although a prison's failure to timely respond to a grievance or appeal may render a grievance process unavailable in certain circumstances, see Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019), the relevant BOP regulation specifically contains a deemed-denied provision stating that the inmate may treat the absence of a timely response as a denial. 28 C.F.R. § 542.18. Once an appeal is deemed denied under this provision, the inmate is required to appeal as if he had received a denial in the ordinary course to complete the administrative exhaustion process. See, e.g., Concepcion v. Warden Allenwood FCI, 750 F. App'x 184, 186 (3d Cir. 2019) (nonprecedential); VanBuren v. Sage, No. 1:23-CV-971, 2024 WL 3597048, at *4 (M.D. Pa. July 31, 2024). Thus, even if it were true that prison officials improperly delayed the processing of Jefferson's appeal to the BOP's regional director, he has not produced any evidence that he took the additional required step of appealing to the BOP's central office after that delay.

Accordingly, Jefferson's claims challenging disciplinary sanctions that resulted in the loss of good conduct time will be dismissed for failure to exhaust administrative remedies because his conclusory and unsupported assertions of delays and other interference by BOP officials are insufficient to excuse exhaustion of administrative remedies.

**III.** **Conclusion**

The petition for writ of habeas corpus is dismissed without prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: March 27, 2025